**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

United States of America,                                    Crim. No. 22-23 (WMW/BRT)

        Plaintiff,

v.                                                                                  **ORDER**

 (1) Bernard Leander Moore,

        Defendant.

---

Sarah E. Hudleston, Esq., United States Attorney's Office, counsel for Plaintiff.

Bruce D. Nestor, Esq., De Leon & Nestor, LLC, counsel for Defendant Moore.

---

This action is before the Court on various pretrial motions filed by Defendant Moore and the Government. Because of the nature of the motions filed, no hearing is necessary. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1.      **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony

relating to a mental disease or defect or any other mental condition of the Defendant

bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-

hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the

defense of actual or believed exercise of public authority on behalf of a law enforcement

agency or federal intelligence agency at the time of the offense. Defendant filed no

objection to the motion. Therefore, Defendant is hereby ordered to comply with the

discovery and disclosure obligations under the aforementioned rules. The Government's

Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2,

12.3 and 26.2 **(Doc. No. 11)** is **GRANTED**. The parties must disclose the identity of any

non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any

rebuttal experts must be noticed along with the production of rebuttal expert disclosures

no later than **10 days** before trial.

2.       **Defendant Moore's Rule 16 Motion for Discovery.** Defendant Moore

requests an order requiring the Government to disclose or permit discovery, inspection,

and copying of various things pursuant to Fed. R. Crim. P. 16. The Government

represents that it has complied and will continue to comply with its discovery obligations

under the Rules and applicable case law. Defendant Moore's Rule 16 Motion for

Discovery **(Doc. No. 24)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P.

16, and is not already moot. As stated above, the parties must disclose the identity of any

non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any

rebuttal experts must be noticed along with the production of rebuttal expert disclosures

no later than **10 days** before trial. Also, within **10 days** of the date of this Order, the

2

Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

      3.      **Defendant Moore's Motion to Retain Rough Notes.** Defendant Moore moves for an order requiring law enforcement agents to retain and preserve all rough notes taken and evidence seized as part of their investigation into this case. The Government does not oppose the motion, but does object to the disclosure of any rough notes. Defendant Moore's Motion to Retain Rough Notes **(Doc. No. 25)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

      4.      **Defendant Moore's Motion to Disclose 404(b) Evidence.** Defendant Moore moves for timely disclosure of the Government's intent to introduce Rule 404(b) evidence at trial, identify the nature of such evidence, and identify the documents and/or witnesses it intends to rely on to demonstrate any uncharged misconduct. The Government represents that it will comply with the Rule 404 notice requirement and is agreeable to disclosure two weeks prior to trial. Defendant Moore's Motion to Disclose 404(b) Evidence **(Doc. No. 26)** is **GRANTED IN PART** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial. Identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

5.       **Defendant Moore's Motion to Disclose Jencks Act Material.** Defendant

Moore moves for an order requiring the Government's early compliance with the Jencks

Act, 18 U.S.C. § 3500, requesting "timely" disclosure of Jencks Act material prior to the

commencement of trial. The Government opposes being compelled by Court order to

disclose such material, but represents that it will voluntarily provide the defense with all

Jencks Act materials no later than three business days prior to trial. Because the Jencks

Act plainly provides that "no statement or report in the possession of the United States

which was made by a Government witness or prospective Government witness (other

than the defendant) shall be the subject of subpoena, discovery, or inspection until said

witness has testified on direct examination in the trial of the case," Defendant Moore's

Motion to Disclose Jencks Act Material **(Doc. No. 27)** is **DENIED**. Nothing in this

Order, however, precludes the Government from voluntary disclosure of Jencks Act

material no later than three days prior to trial as the Government represents it will do.

6.       **Defendant Moore's F.R.CR.P. 16(a)(1)(G) Request for Discovery and**

**Written Summary of Testimony the Government Intends to Use Under Rules 702,**

**703, or 705 of the Federal Rules of Evidence.** Defendant Moore seeks an order

requiring the Government to timely disclose a written summary of any expert testimony

the Government intends to use at trial, as well as other information pursuant to Fed. R.

Crim. P. 16(a)(1)(G). The Government agrees to comply with Rule 16 and requests

providing Rule 16 information no later than 30 days prior to trial. Defendant Moore's

F.R.CR.P. 16(a)(1)(G) Request for Discovery and Written Summary of Testimony the

Government Intends to Use Under Rules 702, 703, or 705 of the Federal Rules of

Evidence **(Doc. No. 28)** is **GRANTED** to the extent that it conforms to the scope of Rule

16. As stated above, the parties must disclose the identity of any non-rebuttal experts and

all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be

noticed along with the production of rebuttal expert disclosures no later than **10 days**

before trial.

      **7.**     The voir dire, jury instructions, and trial related motions due date, along

with the trial date, are to be determined by U.S. District Judge Wihelmina M. Wright.

Date:  May 2, 2022

                                     *s/ Becky R. Thorson*
                                      BECKY R. THORSON
                                      United States Magistrate Judge