UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 22-cr-0023 (1) (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Bernard Leander Moore, | |
| Defendant. | |

---

This matter is before the Court on Defendant Bernard Leander Moore's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. 65.) Moore seeks compassionate release based on his hypertension and back and neck pain. *Id.* Plaintiff United States of America opposes Moore's motion. (Dkt. 73.) For the reasons addressed below, the Court denies Moore's motion.

## BACKGROUND

Moore pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. This Court sentenced Moore to 60 months' imprisonment, with 5 years of supervised release to follow. Moore is currently serving this sentence and is housed at FCI Yazoo City with an expected release date of March 17, 2026. BOP, *Find an inmate*, https://www.bop.gov/inmateloc/ (last accessed October 13, 2023). On May 1, 2023, Moore moved for compassionate release, arguing that his hypertension and back and neck pain qualify as "extraordinary and compelling reasons" to reduce his sentence.

## ANALYSIS

A "court may not modify a term of imprisonment once it has been imposed" except pursuant to specific statutory exceptions. 18 U.S.C. § 3582(c). The compassionate-release provision of the First Step Act is one such statutory exception. *See* 18 U.S.C. § 3582(c)(1)(A). Section 603(b) of the First Step Act amends 18 U.S.C. § 3582 and allows a defendant to petition a district court directly for compassionate release. First Step Act of 2018 (FSA), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018).

It is the defendant's burden to show that he or she is entitled to a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). A district court may reduce a defendant's sentence only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see, e.g.*, *United States v. Bergren*, No. 00-cr-375 (DWF/RLE), 2020 WL 1910585, at *1–2 (D. Minn. Apr. 20, 2020) (denying motion for compassionate release due to COVID-19 for failure to exhaust administrative remedies and on the merits); *United States v. Annis*, 16-cr-195(1) (JRT/KMM), 2020 WL 1812421, at *2 (D. Minn. Apr. 9, 2020) (concluding that the court lacked authority to grant compassionate release due to COVID-19 pursuant to 18 U.S.C. § 3582(c)(1)(A) because the defendant had not exhausted administrative remedies).

Moore contends that he submitted a request for compassionate release to the Warden of the Yazoo FCI facility and did not receive a response within the 30-day period. Moore filed a form that purports to show that he made the request to the Warden. However, the

2

record lacks any support to show that the Warden received this request. As such, the Court lacks authority to grant compassionate release because Moore fails to show that he exhausted all administrative remedies. Even if the Court considered Moore's motion on the merits, the motion would be denied because Moore does not demonstrate "extraordinary and compelling reasons" that warrant a reduction in his sentence.

Congress authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission enumerates several "extraordinary and compelling reasons" that may justify a reduction of sentence, including the medical condition of the defendant, the defendant's age, and the defendant's family circumstances. *U.S. Sentencing Guidelines Manual* (U.S.S.G.) § 1B1.13 cmt. 1(A)–(C) (U.S. Sentencing Comm'n 2018).

A reduction is warranted if the defendant is suffering from either (1) a terminal illness or (2) a serious physical or mental condition "that substantially diminishes the ability of the defendant to provide self-care" and "from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A). District courts may also consider "other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories." *United States v. Walker*, No. 16-cr-33(1) (DWF/LIB), 2020 WL 2490101, at *3 (D. Minn. May 14, 2020) (citing U.S.S.G. § 1B1.13).

Moore does not identify any terminal illness or serious or mental condition that substantially diminishes his ability to provide self-care. Although Moore contends that his hypertension and neck and back pain qualify as extraordinary and compelling reasons for

3

a reduction in his sentence,[1] the record indicates that Moore's medical issues are being treated. Moore is receiving medication for his hypertension, and medical staff are aware of his pain and can provide treatment. Moore fails to demonstrate extraordinary and compelling reasons for a sentence reduction. *See United States v. Eggleston*, No. 14-cr-412 (DWF), 2023 WL 4598356 at *2 (D. Minn. July 18, 2023) (defendant who suffers from type 2 diabetes, hypertension, and high cholesterol failed to establish extraordinary and compelling circumstances that warrant compassionate release).

In summary, Moore's *pro se* motion for a sentence reduction is denied.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** Defendant Bernard Leander Moore's *pro se* motion for a sentence reduction, (Dkt. 65), is **DENIED without prejudice.**

Dated: November 1, 2023                s/Wilhelmina M. Wright
                                       Wilhelmina M. Wright
                                       United States District Judge

---

[1] Moore also claims that he has diabetes, however, the record indicates that he is actually pre-diabetic and that he is receiving treatment for this condition. (Dkt. 74 at 3-4.)